UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KUPAA KEA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>WASHOE COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:22-cv-00120-ART-CSD<br><br>ORDER |

**I.　DISCUSSION**

On July 15, 2022, the Court issued a screening order (i) dismissing Plaintiff's municipal and supervisory liability claims with leave to amend and (ii) permitting his Fourteenth Amendment failure-to-protect claim to proceed. (ECF No. 10 at 11). The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of his municipal and supervisory liability claims. (*Id.*) The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on the Fourteenth Amendment failure-to-protect claim. (*Id.* at 12). Plaintiff has not filed an amended complaint. Pursuant to the screening order, this action will proceed on the Fourteenth Amendment failure-to-protect claim.

**II.　CONCLUSION**

For the foregoing reasons, it is ordered that, pursuant to the Court's screening order (ECF No. 10), this action will proceed on the Fourteenth Amendment failure-to-protect claim against Deputy German. This claim will also proceed against Classification Officer John Doe and Deputy Jane Doe when Plaintiff discovers their identities.

It is further ordered that the Clerk of Court **will issue** a summons for Defendant Deputy German, **and deliver the same**, to the U.S. Marshal for service. The Clerk also **will send** sufficient copies of the complaint (ECF No. 11) and this order to the U.S. Marshal for service on Defendant(s).

It is further ordered that the Clerk **will send** to Plaintiff **one (1)** USM-285 form.

Plaintiff will have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 form with relevant information as to Defendant Deputy German on the form.

It is further ordered that within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

It is further ordered that Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

DATED THIS 24th day of August 2022.

_C S &_
United States Magistrate Judge